**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| VINCENT MISSOURI,<br>Petitioner, | §<br>§<br>§ | |
| vs. | § | Civil Action No. 8:25-12620-MGL |
| WARDEN TONYA JAMES,<br>Respondent. | §<br>§<br>§ | |

**ORDER ADOPTING REPORT AND RECOMMENDATION,**
**GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,**
**DISMISSING PETITIONER'S SECTION 2254 PETITION,**
**AND RESOLVING HIS OTHER MOTIONS AS DESCRIBED HEREIN**

## I. INTRODUCTION

Pending before the Court is Petitioner Vincent Missouri's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting the Court grant Respondent's motion for summary judgment and deny Missouri's petition and all his motions. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II. FACTS AND PROCEDURAL HISTORY

Missouri was arrested for several offenses related to a bank robbery in June of 2012. He was eligible to be appointed counsel, but, according to Missouri in a letter he sent to the Pickens County Clerk of Court, the local public defender's office informed him it would be unable to

represent him. Petition, Ex. 1. In Missouri's letter, which the clerk filed on June 26, 2012, he stated he "will be representing [him]self . . . ." Petition, Ex. 1. Missouri was nonetheless appointed counsel from outside the public defender's office, and it is unclear what happened for the following eighteen months.

Eventually, on December 19, 2013, Missouri appeared before then-circuit Judge Letitia Verdin for a hearing on a motion to relieve counsel. Ultimately, Judge Verdin denied his motion. She flatly stated, "[p]ro se is not in the realm of possibility right now." Answer, Ex. 1 at 7:22-23 (hereinafter Appendix).

Thereafter, Missouri appeared for trial on May 19, 2014, before Judge James Barber, III, and a jury. Judge Barber informed Missouri he would entertain a motion to relieve counsel, but Missouri refused to answer the court's repeated questions about whether he wanted to represent himself. Instead Missouri stated, "If I decide to represent myself, Your Honor, there's a whole ton of motions" he intended to make. Appendix at 47:18-20. He continued, "If I want to represent . . . If you grant me the right to represent myself, please grant me the right to go over my material . . . ." Appendix at 48:8-13.

When Missouri failed to move to relieve counsel, the court concluded, "It appears Mr. Missouri is not prepared to make a motion in the matter, so we will go forward . . . ." Appendix at 49:25-50:2. Trial counsel then represented Missouri throughout the trial. Ultimately, he was convicted and then sentenced to a total of twenty years in prison.

Missouri then filed a notice of appeal and was appointed appellate counsel, Tiffany Butler. Initially, Butler filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), along with a motion to be relieved as counsel. Missouri filed a pro se response raising several issues, two of which related to his claimed right to counsel of his choice and the right to represent himself. The

Court of Appeals, however, denied Butler's motion and ordered her to brief the following issue: "Was Missouri denied his Sixth Amendment right to proceed pro se?" Before the case was decided, David Alexander was substituted as appellate counsel.

Following re-briefing, the Court of Appeals concluded (1) Judge Verdin erred at the December 19, 2013 hearing court by denying Missouri's motion to relieve counsel without further inquiry, thus resulting in "a denial of Missouri's right to self-representation"; but (2) his "subsequent conduct indicated he was abandoning his request or amounted to a waiver of his right to self-representation" because Missouri refused to move to relieve counsel when given the chance by the trial court. *State v. Missouri*, Op. No. 2017-UP-383, 2017 WL 4838465, at *2 (S.C. Ct. App. Oct. 18, 2017).

Missouri then filed an application for post-conviction relief (PCR) in state court. He raised the following allegations, as ultimately addressed by the PCR court:

1. Ineffective Assistance of Counsel

   a. Failure to enforce the five-year plea offer;
   b. Failure to investigate the defense of involuntary intoxication;
   c. Failure to move for a timely *Faretta* hearing;
   d. Failure to object to Judge Verdin's denial of Applicant's motion to relieve counsel;
   e. Failure to object to Judge Barber overruling Judge Verdin's prior ruling;
   f. Failure to move to dismiss the indictment on double-jeopardy grounds;

2. Ineffective Assistance of Appellate Counsel

   a. Failure to raise the issue of Judge Barber overruling Judge Verdin's prior ruling.

Appendix at 444. The PCR application was ultimately denied by written order and for reasons explained as relevant below.

Missouri then timely filed the current petition for a writ of habeas corpus (Petition). He raises several grounds for relief:

> (1) Conviction obtained in violation of [Missouri]'s Federal Constitutional Sixth Amendment Right to (a) Represent himself along with the co[-]relative right "To Choice of Counsel."
>
> (2) Conviction obtained in violation of [Missouri]'s Federal Due Process and Equal Protection rights, by way of the 14th Amend. U.S. Constitution.
>
> (3) Ineffective Assistance of Counsel(s), in violation of [Missouri]'s Federal Sixth Amendment rights, as applicable to the States.

Petition at 5, 7-9. He additionally raised a fourth ground, but he has since "agree[d] to dismiss" it. Objections at 32.

Following cross-motions for summary judgment, in addition to other motions by Missouri, the Magistrate Judge filed the Report on May 19, 2026. Missouri then timely filed objections to the Report, and Respondent declined to file a reply. Also before the Court are two other motions Missouri filed following the Report. They will be addressed below.

## III. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

## IV. DISCUSSION AND ANALYSIS

### *A. Whether Missouri was denied his right to represent himself at trial*

Missouri stated his first ground for relief as follows: "Conviction obtained in violation of [Missouri]'s Federal Constitutional Sixth Amendment right to (a) Represent himself along with the correlative right 'To Choice of Counsel'." Petition at 6.

The Magistrate Judge interpreted this as a "claim[] that trial counsel was ineffective for forcing [Missouri] to accept his representation after repeated assertions that he wanted to relieve counsel." Report at 15. He then concluded, "[Missouri] did not clearly indicate to the [trial] court that he wished to represent himself and trial counsel was neither ineffective for failing to timely move for a *Faretta* hearing nor for failing to object to the court's denial of [Missouri]'s motion to relieve counsel." Report at 19.

Missouri objects the Magistrate Judge "mischaracterized" his first ground for relief and instead should have analyzed it for "structural error" rather than for ineffective assistance of counsel. Objections at 1-2. Even assuming Missouri's first ground for relief is directly stated under the Sixth Amendment—as opposed to one for ineffective assistance of counsel—his claim still fails.

The Supreme Court in *Faretta v. California*, 422 U.S. 806 (1975), held a criminal defendant has a "constitutional right to conduct his own defense." 422 U.S. at 836. Under *Faretta*, a request

for self-representation must be "clear and unequivocal." *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000).

After a careful review of the transcript in this case, this Court is convinced the trial court gave Missouri the opportunity to represent himself, yet he chose otherwise. Instead of making the motion to represent himself and answering the question asked of him—whether he wanted to represent himself—Missouri insisted on asking the trial court questions. In those questions he posed repeated hypothetical scenarios considering "if" he wanted to represent himself.

Even after repeated opportunities to state a desire to represent himself, Missouri failed to move to represent himself. Thus, it is clear he failed to unequivocally invoke his right and the trial court correctly "'indulge[d] in every reasonable presumption' against the relinquishment of the right to counsel." *United States v. Ductan*, 800 F.3d 642, 649 (4th Cir. 2015) (quoting *Fields v. Murray*, 49 F.3d 1024, 1029 (4th Cir. 1995)). Accordingly, Missouri has failed to demonstrate he was erroneously deprived of the right to represent himself at trial. Therefore, his objection is overruled.

***B. Whether Missouri's right to self-representation was denied prior to trial***

Missouri's second ground for relief is an alleged violation of his "Federal Due Process and Equal Protection rights" based on the "approximately 19 months from the invocation of the right to represent himself, and the opportunity to be heard." Petition at 8. He attached to the Petition a letter received by the Pickens County clerk of court on June 26, 2012. In the letter, as the Court noted earlier, Missouri stated he was being held in jail, the Pickens County Public Defender's Office indicated "they would not be able to represent" him, and he "will be representing [him]self." Petition, Ex. 1.

The Magistrate Judge suggests rejecting this ground for relief essentially on the analysis above, i.e. Missouri failed to clearly and unequivocally invoke his right to represent himself at trial because he refused to make a motion to relieve counsel.

Missouri objects to this recommendation again believing the Magistrate Judge misinterpreted his claim. He asserts the alleged violation is for the "ex[c]essive delay (i.e. from June 26, 2012 until December 19, 2013) in holding a Faretta hearing." Objections at 22. As noted above, June 26, 2012, was the date of the letter in which he stated he would represent himself, and December 19, 2013, was the pretrial hearing before Judge Verdin on the motion to relieve counsel.

Accepting Missouri's statement of the issue as put in his objections, this ground for relief still fails. This Court can grant a motion pursuant to § 2254 only where the state court's determination of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). All of the cases cited by Missouri in support of this claim fail to clearly establish a defendant's right to represent himself prior to trial.

In *Faretta v. California*, 422 U.S. 806 (1975), the Court considered only the denial of self-representation at trial. The Court explain the Sixth Amendment "grants to the accused personally the right to make his defense." 422 U.S. at 819. Thus, it is "the accused, not counsel, who must be 'informed of the nature and cause of the accusation,' who must be 'confronted with the witnesses against him,' and who must be accorded 'compulsory process for obtaining witnesses in his favor.'" *Id.* (quoting U.S. Const. amend VI). These are trial rights, and the Supreme Court has never extended the right to self-representation further, especially where the defendant fails to elect to represent himself at trial.

Missouri also relies on *McKaskle v. Wiggins*, 465 U.S. 168 (1984), and *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), but neither support his claim. *McKaskle* held the defendant failed to demonstrate a constitutional violation based on standby counsel's participation at his trial. 465 U.S. at 184 ("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel—even over the defendant's objection—to relieve the judge of the need to explain and enforce basic rules of courtroom protocol . . . ."). And *Gonalez-Lopez* concerned solely whether a prejudice analysis is appropriate where a defendant is denied the right to non-appointed counsel of his choice. *See* 548 U.S. at 148 ("Where the right to be assisted by counsel of one's choice is wrongly denied . . . it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation.").

This Court is unaware of any case in which the Supreme Court even considered a criminal defendant's right to self-representation prior to trial, let alone one where the denial of such was held to be unconstitutional. Therefore, Missouri has failed to demonstrate the state courts' decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" § 2254(d)(1). Accordingly, his objections will be overruled and this ground for relief will be denied.

This analysis also resolves his objection to the Magistrate Judge's recommendation Missouri's "request to represent himself on June 26, 2012, in writing was equivocal." Objections at 2. Regardless of whether his request was equivocal, he has failed to establish a violation of clearly established federal law.

Finally, to the extent Missouri alleges a procedural infirmity based solely on the delay prior to the hearing on his motion to relieve counsel or his colloquy with the trial court—as opposed to

the substantive denial of his right to represent himself prior to trial—he again failed to present any clearly established law requiring such a hearing within any specific period of time.

The closest reference he makes on this point is Justice Marshall's dissent from the denial of certiorari in *Raulerson v. Wainwright*, 469 U.S. 966 (1984). Of course, a dissent from the denial of certiorari fails to qualify as clearly established law. Accordingly, this objection will also be overruled.

***C. Whether counsel were ineffective***

Missouri's final ground for relief consists of several allegations of ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, first a defendant "must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Proving deficiency "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

Second, the defendant "must show that the deficient performance prejudiced the defense." *Id.* Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Only where both prejudice and deficiency are established was counsel constitutionally ineffective. 466 U.S. at 687.

As a preliminary matter, several of Missouri's various objections, arguments, and grounds for relief asserting ineffective assistance based on his *Faretta* rights must be rejected for the reasons explained above.

1. ***Whether Missouri's trial counsel was ineffective***

Missouri raises two arguments trial counsel was ineffective. First, he appears to argue—though it is unclear—trial counsel was ineffective for failing to object to the trial court's *Faretta* analysis or for failing to have other counsel appointed. Thus, he maintains he was denied "his Sixth Amendment right to the choice of who he thought best for his defense." Objections at 28-

29. He relies on *Gonzales-Lopez*, and objects to the Report asserting it was unnecessary for him to demonstrate prejudice.

Missouri is mistaken because "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Smith*, 640 F.3d 580, 588 (4th Cir. 2011) (quoting *Gonzalez-Lopez*, 548 U.S. at 151). Because Missouri required appointed counsel, he has failed to establish a violation of his right to counsel of his choice. Similarly, the Court is unable to say trial counsel was ineffective for failing to press for alternative appointed counsel because any additional argument would have been without merit. As such, this objection will be overruled and the ground for relief will be denied.

Second, Missouri insists trial counsel was ineffective because he "fail[ed] to have enforced the five year global plea offer" allegedly made to him. Obj. at 30. The Magistrate Judge correctly recognized this issue was considered and rejected by the PCR court. *See* Report at 33 ("The PCR Court concluded Assistant Solicitor Richardson and trial counsel credibly testified there was never an offer for five years, the offer was always for fifteen years, and trial counsel brought this fifteen year offer to [Misssouri].").

This Court is unable to say the state court finding was without evidentiary support. *Wilson v. Ozmint*, 357 F.3d 461, 467 (4th Cir. 2004) (explaining federal courts "may not grant a writ of habeas corpus" to a state inmate unless the state court's decision on the facts was "'contrary to, or an unreasonable application of, clearly established Federal law'" (quoting 28 U.S.C. § 2254(d)(2)). Accordingly, this objection will be overruled.

2. ***Whether Missouri's initial appellate counsel was ineffective***

Missouri also objects his initial appellate counsel, Tiffany Butler, was ineffective because she "filed 'an *Anders v. California* brief' knowing the certification and request to withdraw was

improper in the case." Objections at 28. As noted, after Butler filed the *Anders* brief, the South Carolina Court of Appeals denied her petition to be relieved as counsel and instructed her to brief the *Faretta* issue it ultimately rejected as explained above. Missouri now argues:

> It is clear to an absolute certainty, Ms. Butler's *Anders* Brief gave way to [Missouri's] pro-se brief and for that reason Ms. Butler's *Anders* Brief was rejected. Rendering Ms. Butler's performance on appeal clearly deficient.

Petition at 19. Even assuming Butler was deficient by failing to raise the *Faretta* issue initially, Missouri is unable to demonstrate prejudice resulting from the deficiency. The Court of Appeals instructed Butler to brief the issue, and she did so. He fails to direct the Court to any meritorious argument on any issue which she could have made yet failed to do so. Accordingly, he has failed to demonstrate prejudice, his objections will be overruled, and this ground for relief will be denied.

3. ***Whether Missouri's second appellate counsel was ineffective***

Missouri's final objection and ground for relief is the ineffective assistance of his second appellate counsel, David Alexander. He writes:

> Mr. David Alexander [was ineffective] 'for failing to include a potentially meritorious claim for consideration on appeal [w]hich he openly admitted at PCR, 'he should have and such omission had a damaging effect on the appeal process'.

Objections at 28. The Court has reviewed the transcript and Alexander's alleged open admission to ineffectiveness. Missouri misunderstands the testimony. Alexander was speaking hypothetically to explain why he declined to raise an argument Missouri had pressed: "If I'm wrong [then] Missouri is very smart, the smartest client I've ever had. . . . If I'm wrong on that, he should of course get relief." Appendix at 400:20-23. This testimony fails to establish ineffectiveness, and the Court is unable to conclude counsel was ineffective in any other way.

The "potentially meritorious" claim on which Missouri relies, Objections at 28, is his argument under South Carolina law prohibiting one circuit court judge from overruling another.

*See Enoree Baptist Church v. Fletcher*, 340 S.E.2d 546, 547 (S.C. 1986) ("One Circuit Court Judge does not have the authority to set aside the order of another."). He insists "Judge Barber did not have the authority 'to revisit, review, nor reverse a final ruling of Judge Verdin" by allowing him to make a second motion to represent himself. Objections at 13.

Somehow, to Missouri, Judge Barber violated this principle, creating an issue under *Faretta* which counsel could have argued on appeal. But this Court is unable to connect those dots and cannot see how Missouri was denied the right to represent himself at trial when he was offered the chance to move to do so and failed to make such a motion.

Moreover, Alexander testified at the PCR hearing he declined to raise the issue because it "would be asking the Supreme Court to reverse a judge who offered us what we would be standing in front of the court asking for," and he "just did not feel that the posture it was, that the Supreme Court is going to reverse Judge Barber for offering us what we want." Appendix at 399:17-25. The Court agrees, as counsel's decision declining to raise this issue was reasonable. Certainly, Missouri has failed to overcome the "the strong presumption of competence that *Strickland* mandates." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011).

Because of the facial incongruence of asserting a complaint under *Faretta* despite the fact Judge Barber offered Missouri the chance to represent himself, to the extent he alleges trial counsel was ineffective in this vein, he is incorrect. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("[A] court must indulge a strong presumption that counsel' conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). His objection will be overruled and this ground for relief will be denied.

Though the argument is unclear, to the extent Missouri contends the principle of law stated in *Enoree Baptist Church* is somehow a free-standing issue warranting relief, the argument is without merit. If he asserts he was denied his right to represent himself under *Faretta*, he is incorrect for the reasons explained above. If he insists this state-law issue itself warrants relief, he is mistaken because "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 765 (1990)).

## V. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the objections, adopts the Report, and incorporates it herein. Therefore, Respondent's motion for summary judgment is **GRANTED** and Missouri's petition for a writ of habeas corpus is **DENIED**.

Missouri's motions for judgment on the pleadings, to show cause, for summary judgment, and seeking immediate release are all **DENIED**. His motion for an extension of time to file his objections is **RENDERED AS MOOT**.

To the extent Missouri seeks a certificate of appealability, that request is **DENIED**, too.

**IT IS SO ORDERED.**

Signed this 9th day of September 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Missouri is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.